IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Tracy Lee Crane, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 8:19-cv-2634-TMC |
| v. | ) |
| | ) **ORDER** |
| Warden of Evans Correctional Institution, | ) |
| | ) |
| Respondent. | ) |

Plaintiff Tracy Lee Crane ("Crane"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. (ECF Nos. 1; 14). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court summarily dismiss this action without leave to amend and without issuance and service of process. (ECF No. 17). Crane was advised of his right to file objections to the Report. *Id*. at 9. Crane then filed a letter that the court will construe as objections and a motion to appoint counsel. (ECF Nos. 19; 20).

The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not

direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In his letter, Crane does not assert any specific objections to the Report; rather, he contends that he needs legal assistance but cannot afford it. (ECF Nos. 19; 20). It is well settled that in civil actions the appointment of counsel should be allowed only in exceptional cases. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1965). A review of the Plaintiff's complaint reveals that no such exceptional circumstances exist in this case. Accordingly, the court finds that the Plaintiff is not entitled to appointed counsel. Furthermore, because Crane has failed to file any specific objections, the court reviews the Report only for clear error, and finds none. *See Orpiano*, 687 F.2d at 47. Accordingly, the court adopts the Report (ECF No. 17), and **DISMISSES** this action without leave to amend and without issuance and service of process. Crane's motion for counsel (ECF No. 20) is **DENIED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

March 23, 2020
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.